UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>        Plaintiff,<br><br>    v.<br><br>RABBI SHMARY, et al.,<br><br>        Defendants. | No. 2:21-cv-0262-EFB P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Application to Proceed In Forma Pauperis

      Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint alleges the following: Plaintiff is a "natural-born Jew and a member of a Jewish Organization." ECF No. 1 at 6. It took approximately 200 days from his initial request for a religious Kosher diet to finally receive it, on January 14, 2021. *Id.* at 6. As a result, he was made "to consume unclean meals . . . the Holiest Days in Judaism: Yom Kippur and

Rosh Hashanah." *Id.* at 5. Defendant Rabbi Shmary told plaintiff that he would be notified of his eligibility for a religious diet within 30 days of his request, yet "aggressive[ly] refus[ed] to communicate about [plaintiff's] religious dietary needs at the prison." *Id.* at 7. Plaintiff notes that he is a "gay/transgender Jew" and that unlike him, non-Jewish inmates receive timely responses to their requests for religious diets. *Id.* at 6. Plaintiff asserts claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000, and the Equal Protection clause of the Fourteenth Amendment. *Id.* at 5-7. He seeks declaratory relief and $50,000 in damages. *Id.* at 8.

Liberally construed, plaintiff's allegations are sufficient to state a potentially cognizable First Amendment freedom of religion claim and an official-capacity RLUIPA claim for declaratory relief only, against defendant Shmary. *See Wood v. Yordy*, 753 F.3d 899, 902-04 (9th Cir. 2014) (RLUIPA neither permits individual capacity suits nor suits for monetary damages). There is, however, no basis for an equal protection claim because plaintiff does not allege that Shmary acted with an intent or purpose to discriminate against plaintiff because of his membership in any protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

The court notes that plaintiff lists additional "Doe" defendants. The use of such Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rather, the Federal Rules of Civil Procedure, not state procedural rules and practice, govern how pleadings may be amended to add new parties in a federal civil action. Here, plaintiff has been able to commence the action using the name of at least one identified defendant - Shmary. Should plaintiff subsequently learn the identities of additional parties whom he wishes to serve, he must move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served

3

with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

For these reasons, plaintiff may either proceed only on the potentially cognizable First Amendment and RLUIPA claims against defendant Shmary or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

## Leave to Amend

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint alleges, for screening purposes, a potentially cognizable First Amendment freedom of religion claim and an official capacity RLUIPA claim for declaratory relief against defendant Shmary.

4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: March 25, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>Plaintiff,<br><br>v.<br><br>RABBI SHMARY, et al.,<br><br>Defendants. | No.  2:21-cv-0262-EFB P<br><br><br><u>NOTICE</u> |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the First Amendment freedom of religion claim and official capacity RLUIPA claim for declaratory relief against defendant Shmary;

OR

(2) _____   delay serving any defendant and file an amended complaint.

_____
Plaintiff

Dated:

6