UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>Plaintiff,<br><br>v.<br><br>RABBIT SHMARY, et al.,<br><br>Defendants. | No. 2:21-cv-0262-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983, moves for a preliminary injunction. ECF No. 13. Plaintiff claims that prison officials at Mule Creek State Prison are interfering with her access to the courts by refusing to sign or date the certificates of service accompanying her outgoing mail to the courts.[1] *Id.* at 1. She alleges that this "could cause an injury that can never be fixed . . . ." *Id.* For the reasons that follow, plaintiff's request must be denied.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching

---

[1] Plaintiff identifies herself by the pronouns "she" and "her." ECF No. 13. The Court will do the same.

1

power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The U.S. Court of Appeals for the Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff fails to meet that standard. This action alleges violations of plaintiff's right to freedom of religion (*see* ECF Nos. 1, 7), not her legal mail or access to the courts. Because plaintiff's motion addresses conduct that is not the subject of this action, it does not demonstrate either a likelihood of success or a serious question going to the merits of her complaint. Also significant is that plaintiff's purported injury is entirely speculative. *See* ECF No. 13 at 1 (alleging that mailroom misconduct "could" cause irreparable injury). In the event plaintiff does suffer an injury, her recourse is to first pursue her administrative remedies at Mule Creek and once those remedies are exhausted, to commence a separate civil rights action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint).

/////

For these reasons, plaintiff's motion for a preliminary injunction (ECF No. 13) must be denied.

Accordingly, it is ORDERED that the Clerk of the Court randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE