UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>                 Plaintiff,<br><br>        v.<br><br>RABBI SHMARY, et al.,<br><br>                 Defendants. | No. 2:21-cv-0262-TLN-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. She has filed an amended complaint (ECF No. 22) which the court must screen.[1]

In the amended complaint, plaintiff alleges that Rabbi Shmary and Shmary's supervisor, Lance Eshelman, unreasonably delayed the approval of plaintiff's request for a Kosher diet plan. ECF No. 22 at 4, 7. As a result, plaintiff, who is Jewish, was made "to consume unclean meals on . . . the Holiest Days in Judaism: Yom Kippur and Rosh Hashanah." *Id.* at 4.

Plaintiff further alleges she is gay and transgender. *Id.* at 5. While her request for a Kosher diet was pending, Shmary allegedly "made comments indicative of a homophobic

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

consciousness, such as 'transgenders and Torah aren't a godly pairing,' 'same-sex is an abomination,' [and] 'homosexuality is against Torah and you're homosexual.'" *Id.* It took Shmary and Eshelman 222 days to respond to plaintiff's request for a Kosher diet, even though such responses are typically provided within 30 days. *Id.* at 4, 7. Plaintiff claims her request was ultimately approved thanks to the intervention by the Jewish Community Foundation of Los Angeles. *Id.* at 5. Plaintiff claims she wrote to the defendants (including Warden Covello and Chief Deputy Warden Holmes) accusing them of discrimination, but they did not deny or otherwise respond to her accusations. *Id.*

Plaintiff asserts claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000, and the Equal Protection clause of the Fourteenth Amendment. She seeks declaratory relief, injunctive relief, and $50,000 in damages. *Id.* at 9-10.

Liberally construed, plaintiff's allegations are sufficient to state the following potentially cognizable claims:[2] (1) a First Amendment freedom of religion claim against defendants Shmary and Eshelman; (2) an official-capacity RLUIPA claim for declaratory and injunctive relief only, against defendants Shmary and Eshelman; and (3) a Fourteenth Amendment equal protection claim[3] against Shmary. *See Wood v. Yordy*, 753 F.3d 899, 902-04 (9th Cir. 2014) (RLUIPA neither permits individual capacity suits nor suits for monetary damages).[4]

/////

---

[2] Plaintiff fails to state a claim against "institution heads" Warden Covello and Chief Deputy Warden Holmes (*see, e.g.,* ECF No. 22 at 4), as plaintiff appears to have named them solely because of their supervisory roles. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under section 1983).

[3] There is no basis for an equal protection claim against any other defendant because plaintiff does not allege that any other defendant acted with an intent or purpose to discriminate against plaintiff because of her membership in any protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Plaintiff's allegation, without more, that the defendants did not deny or otherwise respond to plaintiff's accusations of discriminatory treatment fails to state a claim upon which relief could be granted.

[4] Like the original complaint, the amended complaint continues to list "Doe" defendants. As plaintiff is aware, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

1   For these reasons, plaintiff may either proceed only on the potentially cognizable First
2   Amendment and RLUIPA claims against defendants Shmary and Eshelman and the equal
3   protection claim against Shmary or she may amend her complaint to attempt to cure the
4   complaint's deficiencies. Plaintiff is not obligated to amend her complaint.

                                    Leave to Amend

6   Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above.
7   Any amended complaint must identify as a defendant only persons who personally participated in
8   a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d
9   740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if
10  he does an act, participates in another's act or omits to perform an act he is legally required to do
11  that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

12  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the
13  amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

14  Any amended complaint must be written or typed so that it so that it is complete in itself
15  without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended
16  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
17  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
18  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
19  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
20  1967)).

21  The court cautions plaintiff that failure to comply with the Federal Rules of Civil
22  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
23  *See* E.D. Cal. L.R. 110.
24  /////
25  /////
26  /////
27  /////
28  /////

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 22) alleges, for screening purposes, the following potentially cognizable claims:
   a. a First Amendment freedom of religion claim against defendants Shmary and Eshelman;
   b. an official capacity RLUIPA claim for declaratory and injunctive relief against defendants Shmary and Eshemlan; and
   c. a Fourteenth Amendment equal protection claim against defendant Shmary.
2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend her complaint.
3. Within thirty days plaintiff shall return the notice below advising the court whether she elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: September 8, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RABBI SHMARY, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-0262-TLN-EFB P<br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the First Amendment freedom of religion claim and official capacity RLUIPA claim for declaratory and injunctive relief against defendants Shmary and Eshelman and the Fourteenth Amendment equal protection claim against defendant Shmary;

OR

(2) _____   delay serving any defendant and file a second amended complaint.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated: