UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,  <br><br>Plaintiff,  <br><br>v.  <br><br>RABBI SHMARY, et al.,  <br><br>Defendants. | No. 2:21-cv-0262-TLN-EFB P  <br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. She has filed a second amended complaint (ECF No. 26)[1] which the court must screen.[2]

In the second amended complaint, plaintiff alleges that Shmaryahu Brownstein ("Rabbi Shmary"), Lance Eshelman (Shmary's supervisor), and Religious Review Committee Members Imam Muhammed, M. Safanov, Alex Lainez, Charles Richey, and Michael Lee, unreasonably

---

[1] Plaintiff also filed a request for extension of time to file the complaint (ECF No. 27). That request is denied as unnecessary, as plaintiff timely filed the second amended complaint.

[2] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

delayed the approval of plaintiff's request for a Kosher diet plan. ECF No. 26 at 5. As a result, plaintiff, who is Jewish, was made "to consume unclean meals on . . . the Holiest Days in Judaism: Yom Kippur and Rosh Hashanah." *Id.* Defendants Shmary and Eschleman also denied plaintiff access to a Jewish Bible. *Id.* at 9.

Plaintiff further alleges that she is gay and transgender. *Id.* at 6. While her request for a Kosher diet was pending, Shmary allegedly "made comments indicative of a homophobic consciousness, such as 'transgenders and Torah aren't a godly pairing,' 'same-sex is an abomination,' [and] 'homosexuality is against Torah and you're homosexual.'" *Id.* It took 222 days for plaintiff to get a response to her for a Kosher diet, even though such responses are typically provided within 30 days. *Id.* at 5-7. Plaintiff claims her request was ultimately approved thanks to the intervention by the Jewish Community Foundation of Los Angeles. *Id.* at 6.

Plaintiff adds that in retaliation for the instant lawsuit, defendant Safanov threatened to make life "hell" for her. *Id.* at 11. Subsequently, supervisory defendants Warden Covello, Chief Deputy Warden Holmes, and Assistant Wardens Williams and Huser, all ordered their staff to deny plaintiff library access. *Id.*

Plaintiff asserts claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000, and the Equal Protection clause of the Fourteenth Amendment. She seeks declaratory relief, injunctive relief, and $50,000 in damages. *Id.* at 17-20.

Liberally construed, plaintiff's allegations are sufficient to state the following potentially cognizable claims: (1) a First Amendment freedom of religion claim against defendants Brownstein, Eshelman, Muhammed, Safanov, Lainez, Richey, and Lee; (2) an official-capacity RLUIPA claim for declaratory and injunctive relief only, against defendants Brownstein, Eshelman, Muhammed, Safanov, Lainez, Richey, and Lee (*see Wood v. Yordy*, 753 F.3d 899, 902-04 (9th Cir. 2014) (RLUIPA neither permits individual capacity suits nor suits for monetary

/////

/////

damages); (3) a Fourteenth Amendment equal protection claim against Brownstein[3]; and (4) a First Amendment retaliation claim against Safanov.[4]

For these reasons, plaintiff may either proceed only on the potentially cognizable claims against defendants Brownstein, Eshelman, Muhammed, Safanov, Lainez, Richey, and Lee or she may amend her complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend her complaint.

## Leave to Amend

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

/////

---

[3] There is no basis for an equal protection claim against any other defendant because plaintiff does not allege that any other defendant acted with an intent or purpose to discriminate against plaintiff because of her membership in any protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

[4] Plaintiff's claim that various supervisory defendants revoked her library privileges after she filed this lawsuit is not enough to survive screening. Mere conclusions of hypothetical retaliation are insufficient. A prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

3

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 26) alleges, for screening purposes, the following potentially cognizable claims:
   a. a First Amendment freedom of religion claim against defendants Brownstein, Eshelman, Muhammed, Safanov, Lainez, Richey, and Lee;
   b. an official-capacity RLUIPA claim for declaratory and injunctive relief only, against defendants Brownstein, Eshelman, Muhammed, Safanov, Lainez, Richey, and Lee;
   c. a Fourteenth Amendment equal protection claim[5] against Brownstein; and
   d. a First Amendment retaliation claim against Safanov.
2. All other claims, including those against Warden Covello, Chief Deputy Warden Holmes, Assistant Wardens Williams and Huser, and CDCR Secretary Kathleen Allison are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend her complaint.
3. Plaintiff's motion for an extension of time (ECF No. 27) is denied as unnecessary.
4. Within thirty days plaintiff shall return the notice below advising the court whether she elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

---

[5] There is no basis for an equal protection claim against any other defendant because plaintiff does not allege that any other defendant acted with an intent or purpose to discriminate against plaintiff because of her membership in any protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

4

     5. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: January 19, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RABBI SHMARY, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0262-TLN-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

　　(1) _____  proceed only with the potentially cognizable claims identified by the court against defendants Brownstein, Eshelman, Muhammed, Safanov, Lainez, Richey, and Lee;

　　OR

　　(2) _____  delay serving any defendant and file a third amended complaint.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated: