UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RABBI SHMARY, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-00262-TLN-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Currently before the court is plaintiff's September 12, 2022 motion for a preliminary injunction.  ECF No. 54.  For the reasons that follow, the motion must be denied.

　　　　The case proceeds on plaintiff's second amended complaint, which states potentially cognizable claims of (1) violation of the First Amendment and the Religious Land Use and Institutionalized Persons act by various defendants for denying plaintiff kosher meals, (2) discrimination in violation of the 14th Amendment by defendant Brownstein (aka "Rabbi Shmary"), and (3) retaliation in violation of the First Amendment by defendant Safanov.  ECF Nos. 26, 28.

　　　　In the instant motion, plaintiff seeks a preliminary injunction ordering defendants Brownstein and Eshelman to provide her with religious meals for Rosh Hashanah on September 25-27, 2022.  ECF No. 54.

1

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff has not met her burden for obtaining the order she seeks. She has made no effort to establish likelihood of success on the merits or any of the other factors the court must weigh in order to determine whether a preliminary injunction may be granted. Accordingly, the court cannot grant the motion.

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's September 12, 2022 motion for temporary restraining (ECF No. 54) order be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 21, 2022.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE