UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL, | No. 2:21-cv-00262-TLN-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SHMARYAHU BROWNSTEIN, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The action proceeds on plaintiff's second amended complaint, alleging that defendants have violated her constitutional rights to free exercise of religion and equal protection and the Religious Land Use and Institutionalized Persons Act. ECF Nos. 26, 28. Currently pending is plaintiff's request that the court schedule a settlement conference. ECF No. 86. For the following reasons, the request will be denied.

**I.     Background**

On August 4, 2023, defendants filed a motion for terminating sanctions or, alternatively, an order compelling plaintiff to participate in her deposition. ECF No. 78. Defendants argued that plaintiff refused to be deposed and served deficient and untimely responses to written discovery. *Id.* Plaintiff responded that, during the relevant time period, she experienced "medically disabling episodes of epilepsy, urinary incontinence and acute mental incapacitating

1

traumas, all ongoing as of 8/9/2023[.]" ECF No. 80. According to plaintiff, she "could not medically attend her deposition and comply with operative Discovery and Scheduling order" due to these issues, which caused a "sustained disruption to all vital brain functions." *Id.* Plaintiff argued that she would be prejudiced if forced to respond to discovery until her medical issues were resolved. *Id.* "Presently, black-outs, lost time and memory loss are unmitigated. These rob [plaintiff] of sufficient cognitive capacities necessary to litigate for 2 to 3 months." Plaintiff asked the court for relief from the discovery schedule. *Id.*

In response to plaintiff's representations, defendants recommended that the court either stay the case while plaintiff was unable to litigate or continue all dates by 90 days. ECF No. 81. The issue was complicated, however, because plaintiff's opposition brief presented questions regarding her competence, and Federal Rule of Civil Procedure 17(c)(2) requires the court to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Plaintiff did not indicate whether or when her conditions might abate to such a degree that she could litigate this action.[1] While the court has discretion to in crafting an "appropriate order" under Rule 17(c)(2), an indefinite stay of proceedings is an abuse of discretion where it appears that the litigant will not regain competency in the future. *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014).

The court addressed the issue temporarily by staying all pending deadlines and directing the parties to submit status reports within 45 days indicating the current state of discovery (including any attempts to meet and confer) and plaintiff's ability to litigate the action going forward. ECF No. 82. The court has received those status reports which are addressed below.

On October 28, 2023, defendants informed the court that they had received no further discovery from plaintiff. ECF No. 83. On November 30, 2023, plaintiff informed the court that she had been assaulted by another inmate and continued to suffer the effects of a concussion sustained in the assault. ECF No. 84; *see also* ECF No. 85 (further status report of plaintiff,

---

[1] Nor does plaintiff explain in her current request why these same claimed medical limitations would not also apply to her capacity for meaningful participation in a settlement conference.

accompanied by medical records corroborating assault claim and head trauma).  According to plaintiff, "[a]ll parties agreed to wait for conclusion of medical evaluations and confirmation of competence prior to resuming discovery."  ECF No. 84.

On February 12, 2024, plaintiff filed a brief request that a settlement conference be set in this case.  ECF No. 86.  Plaintiff did not provide any information to the court regarding her current ability to litigate.  Defendants oppose the request, arguing that they have not yet deposed plaintiff and plaintiff has not yet responded to all discovery requests.  ECF No. 87.

## II. Order

As defendants are unwilling to participate in a settlement conference until, at least, the conclusion of discovery, plaintiff's request for such a conference will be denied.  Additionally, the court will direct plaintiff to file a statement with the court indicating whether she is prepared to sit for her deposition and complete her discovery responses.  If plaintiff contends that she is not competent to do so due to medical or mental health issues, she must provide current evidence of such impairments to allow the court to determine whether a guardian ad litem must be appointed for plaintiff, as an indefinite stay of the action is not permitted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's February 12, 2024 motion for a settlement conference (ECF No. 86) is DENIED.
2. Within 30 days of the date of this order, plaintiff shall file a statement with the court as described above.
3. Failure to comply with this order may result in a recommendation that the action be dismissed.

So ordered.

Dated: May 23, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE