Akiva Israel
BJ-0177
SVSP
P.O. Box 1050
Soledad, CA 93960

FILED
JUN 10 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

U.S. DISTRICT COURT
EASTERN DISTRICT of CALIFORNIA
SACRAMENTO DIVISION

AKIVA ISRAEL,                    NO. 2:21-CV-00262-TLN-EFB
    Plaintiff,                   RELIEF MOTION
v.
SHMARYHA BROWNSTEIN, et al.,
    Defendants.

Plaintiff is under current medical evaluation to determine impairments impeding her to sit for deposition & complete discovery channel responses. To this end, CDCR form 7362 in process (attached). Due to staff shortage & long waiting periods, above process shall take at least 3 to 5 weeks. That done, "She must provide current evidence of... impairments," per attached order. To obtain all this evidence, she submits CDCR form 7385 to CDCR Medical Records office pursuant to 45 C.F.R. § 164.508(c)(1)(iv). This process takes up to 15 or so business days. The integrity of said medical evaluation(s) & receiving these current medical documentations cannot be rushed by her. As such, she requests an extension of 7 weeks to file statement with that current evidence in support of medical / MH issues preventing fit mind to sit for depo, etc. Under penalty of perjury, above be true.

Akiva Israel

STATE OF CALIFORNIA  
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**HEALTH CARE SERVICES REQUEST FORM**  
CDCR 7362 (Rev. 03/19)

Page 2 of 2

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

REQUEST FOR:   MEDICAL ☑   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

NAME: ISRAEL  
CDCR NUMBER: BJ-0122  
HOUSING: A4-137  
PATIENT SIGNATURE: [signature]  
DATE: 6-3-2024

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

Memory loss, sensory sensitivity, black-outs, forgetting basic tasks, worsening & sleep loss

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE SERVICES REQUEST FORM**
CDCR 7362 (Rev. 03/19)                                                                                                          Page 2 of 2

| PART I: TO BE COMPLETED BY THE PATIENT |
| --- |
| If you believe this is an urgent/emergent health care need, contact the correctional officer on duty. |

| REQUEST FOR: | MEDICAL ☐ | MENTAL HEALTH ☑ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|
| NAME  ISRAEL | | CDCR NUMBER  BJ-0122 | | HOUSING  A4-132L |
| PATIENT SIGNATURE  [signature] | | | | DATE  6/7/2024 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe your health problem and how long you have had the problem)

dissociation
lost time
black-outs
Gross nightmares no sleep stop trash

NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

Akiva Avikaida Israel BJ-0177
SALINAS VALLEY STATE PRISON (1050)
PO BOX 1050
SOLEDAD, CA 93960-1050

------------------------------------------------------

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>Plaintiff,<br><br>v.<br><br>SHMARYAHU BROWNSTEIN, *et al.*,<br><br>Defendants. | No. 2:21-cv-00262-TLN-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The action proceeds on plaintiff's second amended complaint, alleging that defendants have violated her constitutional rights to free exercise of religion and equal protection and the Religious Land Use and Institutionalized Persons Act. ECF Nos. 26, 28. Currently pending is plaintiff's request that the court schedule a settlement conference. ECF No. 86. For the following reasons, the request will be denied.

I.  **Background**

On August 4, 2023, defendants filed a motion for terminating sanctions or, alternatively, an order compelling plaintiff to participate in her deposition. ECF No. 78. Defendants argued that plaintiff refused to be deposed and served deficient and untimely responses to written discovery. *Id.* Plaintiff responded that, during the relevant time period, she experienced "medically disabling episodes of epilepsy, urinary incontinence and acute mental incapacitating

1

traumas, all ongoing as of 8/9/2023[.]" ECF No. 80. According to plaintiff, she "could not medically attend her deposition and comply with operative Discovery and Scheduling order" due to these issues, which caused a "sustained disruption to all vital brain functions." *Id.* Plaintiff argued that she would be prejudiced if forced to respond to discovery until her medical issues were resolved. *Id.* "Presently, black-outs, lost time and memory loss are unmitigated. These rob [plaintiff] of sufficient cognitive capacities necessary to litigate for 2 to 3 months." Plaintiff asked the court for relief from the discovery schedule. *Id.*

In response to plaintiff's representations, defendants recommended that the court either stay the case while plaintiff was unable to litigate or continue all dates by 90 days. ECF No. 81. The issue was complicated, however, because plaintiff's opposition brief presented questions regarding her competence, and Federal Rule of Civil Procedure 17(c)(2) requires the court to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Plaintiff did not indicate whether or when her conditions might abate to such a degree that she could litigate this action.[1] While the court has discretion to in crafting an "appropriate order" under Rule 17(c)(2), an indefinite stay of proceedings is an abuse of discretion where it appears that the litigant will not regain competency in the future. *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014).

The court addressed the issue temporarily by staying all pending deadlines and directing the parties to submit status reports within 45 days indicating the current state of discovery (including any attempts to meet and confer) and plaintiff's ability to litigate the action going forward. ECF No. 82. The court has received those status reports which are addressed below.

On October 28, 2023, defendants informed the court that they had received no further discovery from plaintiff. ECF No. 83. On November 30, 2023, plaintiff informed the court that she had been assaulted by another inmate and continued to suffer the effects of a concussion sustained in the assault. ECF No. 84; *see also* ECF No. 85 (further status report of plaintiff,

---

[1] Nor does plaintiff explain in her current request why these same claimed medical limitations would not also apply to her capacity for meaningful participation in a settlement conference.

accompanied by medical records corroborating assault claim and head trauma). According to plaintiff, "[a]ll parties agreed to wait for conclusion of medical evaluations and confirmation of competence prior to resuming discovery." ECF No. 84.

On February 12, 2024, plaintiff filed a brief request that a settlement conference be set in this case. ECF No. 86. Plaintiff did not provide any information to the court regarding her current ability to litigate. Defendants oppose the request, arguing that they have not yet deposed plaintiff and plaintiff has not yet responded to all discovery requests. ECF No. 87.

## II. Order

As defendants are unwilling to participate in a settlement conference until, at least, the conclusion of discovery, plaintiff's request for such a conference will be denied. Additionally, the court will direct plaintiff to file a statement with the court indicating whether she is prepared to sit for her deposition and complete her discovery responses. If plaintiff contends that she is not competent to do so due to medical or mental health issues, she must provide current evidence of such impairments to allow the court to determine whether a guardian ad litem must be appointed for plaintiff, as an indefinite stay of the action is not permitted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's February 12, 2024 motion for a settlement conference (ECF No. 86) is DENIED.
2. Within 30 days of the date of this order, plaintiff shall file a statement with the court as described above.
3. Failure to comply with this order may result in a recommendation that the action be dismissed.

So ordered.

Dated: May 23, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3

MIME-Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain
Message-Id: Subject:Activity in Case 2:21-cv-00262-TLN-EFB (PC) Israel v. Shmary et al Order on
Motion for Miscellaneous Relief. Content-Type: text/html

*This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.*
***NOTE TO PUBLIC ACCESS USERS*** *There is no charge for viewing opinions.*

## U.S. District Court

### Eastern District of California – Live System

**Notice of Electronic Filing**

The following transaction was entered on 5/24/2024 at 10:59 AM PDT and filed on 5/24/2024

*Case Name:*    (PC) Israel v. Shmary et al
*Case Number:*   2:21-cv-00262-TLN-EFB
*Filer:*
*Document Number:* 89

*Docket Text:*
**ORDER signed by Magistrate Judge Edmund F. Brennan on 5/23/2024 DENYING plaintiff's [86] motion for a settlement conference. Within 30 days, plaintiff shall file a statement with the court in accordance with this order. (Yin, K)**

**2:21-cv-00262-TLN-EFB Notice has been electronically mailed to:**

Mohammad Iranmanesh       mohammad.iranmanesh@doj.ca.gov, DocketingSDCLS@doj.ca.gov, Lyndsay.Crenshaw@doj.ca.gov, Nellia.Amansec@doj.ca.gov

**2:21-cv-00262-TLN-EFB Electronically filed documents must be served conventionally by the filer to:**

Akiva Avikaida Israel
BJ-0177
SALINAS VALLEY STATE PRISON (1050)
PO BOX 1050
SOLEDAD, CA 93960-1050

The following document(s) are associated with this transaction:

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
## CALIFORNIA MEN'S COLONY
### EFFECTIVE COMMUNICATION CONFIRMATION

Pursuant to the memorandum dated August 24, 2023, titled Revised Equally Effective Communication, it is the policy of the CDCR to ensure effective communication with all inmates. For issues concerning due process events, Classification Committee actions, Reasonable Accommodation Panel, etc., The decision is to be delivered and read to the inmate. Effective Communication shall be established and confirmed on this form.
***This form is to be completed within five (5) working days and returned to the Office of Grievances.***

| INMATE NAME | CDCR NUMBER | LOG NUMBER | HOUSING | TABE |
|---|---|---|---|---|
| ISRAEL, AKIVA | BJ0177 | 530824 | SVSP FAC A 4137L | 11.2 |
| DATE SENT TO FACILITY CAPTAIN | | DUE DATE TO GRIEVANCE OFFICE | | |
| 03/26/2024 | | 04/08/2024 | | |

### POTENTIAL EFFECTIVE COMMUNICATION TRIGGERS

- ☐ TABE 4.0 or lower, or no score
- ☒ DNH/DPH (Hearing Impaired)
- ☒ DDP (DD1 / DD2 / DD3)
- ☒ Learning disabled
- ☐ DPV/DNV (Vision Impaired)
- ☐ MHCB / PIP
- ☐ LEP (Foreign Language Speaking)
- ☒ DNS/DPS (Speech Impaired)
- ☐ EOP

### DOCUMENT BEING COMMUNICATED

- ☐ CDCR 602 Inmate/Parolee Grievance
- ☐ Grievance Receipt
- ☐ Grievance Response
- ☐ CDCR 1824 Reasonable Accommodation Request
- ☒ Reasonable Accommodation Panel (RAP) Response
- ☐ CDCR Investigation/Allegation Inquiry Findings
- ☐ Memorandum Response

### ASSISTANCE PROVIDED

- ☐ Read document(s) to inmate
- ☐ Language interpreter (Person):
- ☐ Simple English spoken slowly & clearly/repeat as needed
- ☐ Spoke Loud, & clearly
- ☐ American Sign Language Interpreter (Person):
- ☐ Inmate was wearing hearing aid(s)
- ☐ Lip reading
- ☐ Other:
- ☐ Used text magnifier
- ☐ Written notes used (notes attached)

### HOW WAS EFFECTIVE COMMUNICATION DETERMINED?

- ☐ Inmate reiterated in their own words, what was explained
- ☐ Inmate provided appropriate, substantive responses to questions asked
- ☐ Inmate asked appropriate questions regarding the information provided
- ☒ Inmate did not appear to understand the communication, even though the primary method of communication was used
- ☐ Other:

### ADDITIONAL COMMENTS

### COMPLETED BY

| Printed Name and Title | Signature | Date |
|---|---|---|
| | | |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Your Name, A. ISRAEL
 Plaintiff,

vs. S. BROWNSTEIN

Defendant(s),

Defendant(s).

et al., 

No. 2:21-cv-00262-TLN-EFB

PROOF OF SERVICE

I, the undersigned, hereby certify that I am over the age of eighteen years and on _June 5_, 20_24_, I served a copy of _3 sets of RELIEF (Motion, per L.R. 133(u)/SASE_ by placing a copy in a postage paid envelope addressed to the person hereinafter listed by depositing said envelope in the United States Mail:

Clerk, U.S. Dist. Court
E.D. of CA
501 I St., STE 4-200
Sacramento, CA 93960

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signed)