UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL, | No. 2:21-cv-00262-TLN-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| SHMARYAHU BROWNSTEIN, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The action proceeds on plaintiff's second amended complaint, alleging that defendants have violated her constitutional rights to free exercise of religion and equal protection and the Religious Land Use and Institutionalized Persons Act. ECF Nos. 26, 28. Currently pending is plaintiff's motion for an extension of time to respond to the court's May 23, 2024 order and a request for a subpoena. ECF Nos. 88, 90.

**I.      Background**

On August 4, 2023, defendants filed a motion for terminating sanctions or, alternatively, an order compelling plaintiff to participate in her deposition. ECF No. 78. Defendants argued that plaintiff refused to be deposed and served deficient and untimely responses to written discovery. *Id.* Plaintiff responded that, during the relevant time period, she experienced "medically disabling episodes of epilepsy, urinary incontinence and acute mental incapacitating

1

traumas, all ongoing as of 8/9/2023[.]" ECF No. 80. According to plaintiff, she "could not medically attend her deposition and comply with operative Discovery and Scheduling order" due to these issues, which caused a "sustained disruption to all vital brain functions." *Id.* Plaintiff argued that she would be prejudiced if forced to respond to discovery until her medical issues were resolved. *Id.* "Presently, black-outs, lost time and memory loss are unmitigated. These rob [plaintiff] of sufficient cognitive capacities necessary to litigate for 2 to 3 months." Plaintiff asked the court for relief from the discovery schedule. *Id.*

In response to plaintiff's representations, defendants recommended that the court either stay the case while plaintiff was unable to litigate or continue all dates by 90 days. ECF No. 81. The issue was complicated, however, because plaintiff's opposition brief presented questions regarding her competence, and Federal Rule of Civil Procedure 17(c)(2) requires the court to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Plaintiff did not indicate whether or when her conditions might abate to such a degree that she could litigate this action. While the court has discretion in crafting an "appropriate order" under Rule 17(c)(2), an indefinite stay of proceedings is an abuse of discretion where it appears that the litigant will not regain competency in the future. *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014).

The court addressed the issue temporarily by staying all pending deadlines and directing the parties to submit status reports within 45 days indicating the current state of discovery (including any attempts to meet and confer) and plaintiff's ability to litigate the action going forward. ECF No. 82.

On October 28, 2023, defendants informed the court that they had received no further discovery from plaintiff. ECF No. 83. On November 30, 2023, plaintiff informed the court that she had been assaulted by another inmate and continued to suffer the effects of a concussion sustained in the assault. ECF No. 84; *see also* ECF No. 85 (further status report of plaintiff, accompanied by medical records corroborating assault claim and head trauma). According to plaintiff, "[a]ll parties agreed to wait for conclusion of medical evaluations and confirmation of competence prior to resuming discovery." ECF No. 84.

On February 12, 2024, plaintiff filed a brief request that a settlement conference be set in this case, ECF No. 86, but plaintiff did not provide any information to the court regarding her current ability to meaningfully participate or litigate her case. The court denied her request on May 23, 2024, and directed plaintiff to file a statement by June 23, 2024 "indicating whether she is prepared to sit for her deposition and complete her discovery responses." ECF No. 89. The order further instructed that: "If plaintiff contends that she is not competent to do so due to medical or mental health issues, she must provide current evidence of such impairments to allow the court to determine whether a guardian ad litem must be appointed for plaintiff, as an indefinite stay of the action is not permitted." *Id*.

## II. The Motion for Extension of Time

Plaintiff now seeks an extension of time to file the statement. ECF No. 90. According to plaintiff, at the time she filed her motion for extension of time (June 10, 2024), she was under medical evaluation to determine her ability to participate in discovery. Plaintiff estimated that the process of evaluation would take 3-5 weeks and that it would take her an additional 15 business days to obtain her medical documentation from CDCR. Accordingly, plaintiff sought an extension of time of seven weeks to file the statement ordered by the court. Seven weeks from the date of plaintiff's motion elapsed on July 29, 2024, but the court has yet to receive plaintiff's statement. The court will grant plaintiff an additional three weeks to submit the statement but plaintiff is cautioned that this process cannot continue indefinitely.

## III. The Subpoena Request

The progress of this case has been halted by plaintiff's representations that she cannot yet participate in discovery due to her medical conditions. These representations have made it impossible for defendants to depose plaintiff and marshal other evidence through the discovery process. At the same time, and without updating the court on her medical status and ability to participate in the litigation, plaintiff asks the court to facilitate her discovery efforts. Until plaintiff informs the court that she is able to resume litigation of the case or intends to pursue the appointment of a guardian ad litem, the court will not entertain her discovery motions.

/////

## IV. Order

It is hereby ORDERED that:

1. Plaintiff's request for a subpoena (ECF No. 88) is DENIED without prejudice.
2. Plaintiff's June 10, 2024 motion for extension of time (ECF No. 90) is GRANTED.
3. Within 21 days of the date of this order, plaintiff shall file a statement with the court as described above and in the court's May 23, 2024 order.
4. Failure to comply with this order may result in a recommendation that the action be dismissed.

Dated: November 7, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE