1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AKIVA AVIKAIDA ISRAEL,                    No.  2:21-cv-00262-TLN-EFB (PC)

12              Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   SHMARYAHU BROWNSTEIN, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18   § 1983, has filed a motion for a preliminary injunction.  ECF No. 92.  For the reasons that follow,

19   the motion must be denied.

20        The case proceeds on plaintiff's second amended complaint, which states potentially

21   cognizable claims of (1) a violation of his rights under the First Amendment and the Religious

22   Land Use and Institutionalized Persons Act by various defendants for denying plaintiff kosher

23   meals, (2) discrimination in violation of the Fourteenth Amendment by defendant Brownstein

24   (aka "Rabbi Shmary"), and (3) retaliation in violation of the First Amendment by defendant

25   Safanov.  ECF Nos. 26, 28.

26        In the instant motion, plaintiff seeks a preliminary injunction ordering defendants to

27   provide her kosher foods, a menorah, olive oil, candles, a shamash, and a prayer booklet for

28   Chanukah.  ECF No. 92 at 1.  The court takes judicial notice that Chanukah will begin on

                                            1

1  December 25, 2024,[1] https://www.cdcr.ca.gov/gare/cdcr-cchcs-gare-diversity-and-inclusion-

2  calendar/, and will end on January 2, 2025, https://www.hebcal.com/holidays/chanukah.

3       A preliminary injunction will not issue unless necessary to prevent threatened injury that

4  would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

5  *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

6  F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far-reaching

7  power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*,

8  326 F.2d 141, 143 (9th Cir. 1964).  To be entitled to preliminary injunctive relief, a party must

9  demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

10  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

11  injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

12  2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the

13  "sliding scale" approach it applies to preliminary injunctions – that is, balancing the elements of

14  the preliminary injunction test, so that a stronger showing of one element may offset a weaker

15  showing of another – survives *Winter* and continues to be valid.  *Alliance for the Wild Rockies v.*

16  *Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the

17  merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an

18  injunction, assuming the other two elements of the *Winter* test are also met."  *Id*.  In cases brought

19  by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly

20  drawn, extend no further than necessary to correct the harm the court finds requires preliminary

21  relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

22       Plaintiff has not met her burden under that standard.  She has made no effort to establish

23  likelihood of success on the merits.  She argues that she will suffer irreparable harm if injunctive

24  relief is not granted, but it is unclear whether she has even been denied, or reasonably anticipates

25  denial of her religious observance for the upcoming 2024 Chanukah religious holiday.  For

26  example, plaintiff appends her religious diet request, which was approved as of January 7, 2021.

27       [1]  Plaintiff attaches to her motion calendars of religious observance for 2022 and 2023 – but not 2024.  ECF No. 92 at 14-29.

28

1   *Id*. at 11, 12.  Her motion does not explain why she does not expect to receive kosher foods in

2   accordance with that approval.

3          Plaintiff claims "that she's at an extremely high risk of death by suicide and requires

4   prompt spiritual counseling,[2] as celebrating CHANUKAH forms a vital component of her mental

5   health."  *Id*. at 2.  However, her arguments for a preliminary injunction appear to be based on

6   events that occurred in 2022 and earlier.  *See id*. at 1 (complaining of "Rabbi Brownstein's refusal

7   to provide for any of [plaintiff's] Holy Day needs for the rest of 2022"); *id*. at 5 ("Rabbi

8   Brownstein emailed Dr. Jacques that he shall not meet with [plaintiff] for any religious need this

9   year [without specifying the year in question]").  Plaintiff attaches copies of her mental health

10  records from 2021 and 2022.  *Id*. at 21-52.  These records do not support plaintiff's contention

11  that she is presently at extremely high risk of suicide.  A suicide assessment conducted by

12  Psychologist Stewart Blain on May 5, 2021 concluded there was no warning sign of imminent

13  suicide.  *Id*. at 44.   An assessment reported by Blain on March 30, 2022 indicated that plaintiff

14  had a suicide and self-harm history but no recent attempt and no suicidal ideation.  *Id*. at 38, 41.

15  An assessment reported by Social Worker Stephanie Jacques on September 20, 2022 indicated

16  that plaintiff had two previous suicide attempts, but low acute risk with no plan, intent, desire to

17  die, and no suicide ideation at that time.  *Id*. at 31, 32.  Another assessment by Jacques on

18  October 6, 2022 concluded that plaintiff was at low acute risk, and moderate chronic risk, of

19  suicide.  *Id*. at 51.

20         In support of her suicide argument, plaintiff cites *Melendez v. Secretary, Florida*

21  *Department of Corrections*, No. 21-13455, 2022 WL 1124753 (11th Cir. Apr. 15, 2022).

22  *Melendez* concerned an inmate who had made multiple recent suicide attempts and had been

23  evaluated by a psychiatrist within the past month as having "major depressive disorder with

24  psychotic features (including paranoia) and very high suicide risk."  *Id*. at *1 (internal quotation

25  marks omitted).  The district court granted preliminary injunctive relief for a transfer to a

26  psychiatric hospital.  *Id*.  Plaintiff has not made a comparable showing of likely success on the

27         [2]  It is unclear whether plaintiff is also requesting the court to order that she receive
    spiritual counseling.  If so, the request must be denied for the same reasons set forth herein.
28

1    merits, or irreparable harm in the absence of preliminary relief.  Plaintiff's citation to *Kuperman*

2    *v. New Hampshire Department of Correction*, No. 06-CV-420-JD, 2007 WL 1200092 (D.N.H.

3    Apr. 18, 2007) is similarly unavailing.  The *Kuperman* inmate's kosher diet had been suspended

4    for six months because the inmate had failed to follow it on one occasion.  The court issued a

5    preliminary injunction reinstating the kosher diet after conducting a hearing and upon finding the

6    inmate was likely to succeed on the merits of his claim.  *Id*. at *4.  Plaintiff has not made any

7    similar showing of likely success on the merits, or any of the other factors the court must weigh in

8    order to determine whether a preliminary injunction may be granted.  Accordingly, the court

9    cannot grant the motion.

10          For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's December 5,

11   2024 motion for preliminary injunction, ECF No. 92, be DENIED.

12          These findings and recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within seven days after

14   being served with these findings and recommendations, any party may file written objections with

15   the court and serve a copy on all parties.  Such a documents should be captioned "Objections to

16   Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

17   specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158

18   F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 95 F.2d 1153 (9th Cir. 1991).

19

20   Dated: December 12, 2024

          EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

4