UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>           Plaintiff,<br><br>      v.<br><br>SHMARYAHU BROWNSTEIN, et al.,<br><br>           Defendants. | No.  2:21-cv-00262-TLN-EFB (PC)<br><br>ORDER AND AMENDED SCHEDULE |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The case proceeds on plaintiff's first amended complaint, which states potentially cognizable claims of (1) violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act by various defendants for denying plaintiff kosher meals, (2) discrimination in violation of the Fourteenth Amendment by defendant Brownstein (aka "Rabbi Shmary"), and (3) retaliation in violation of the First Amendment by defendant Safanov.  ECF Nos. 26, 28.  Currently before the court are:

Plaintiff's two requests for judicial notice, ECF No. 100 (request), ECF No. 101 (request), ECF No. 102 (opposition).

Plaintiff's motion for protective order, ECF No. 103 (motion), ECF No. 105 (response in opposition).

////

1

1         Plaintiff's (second) motion for protective order, ECF No. 104 (motion), ECF No. 105
2  (response in opposition).
3         Plaintiff's motion for relief or other appropriate remedies, ECF No. 106 (motion), ECF
4  No. 108 (response in opposition).
5         Plaintiff's motion to compel, ECF No. 107 (motion), ECF No. 112 (response in
6  opposition).
7         Plaintiff's motion to reopen discovery, ECF No. 113 (motion), ECF No. 114 (amended
8  motion), ECF No. 115 (response, withdrawn by ECF No. 116), ECF No. 117 (amended
9  response).
10        Defendant's motion to compel, ECF No. 105 (motion).
11        Defendants also request an extension of the discovery cut-off deadline to allow them to
12 complete plaintiff's deposition, and a warning to plaintiff that failure to comply may result in
13 dismissal, ECF No. 105 (request).
14        For the reasons that follow, the court will: (1) partially grant plaintiff's second request for
15 judicial notice and otherwise deny both requests; (2) grant defendant's motion to compel
16 plaintiff's deposition; (3) deny as moot plaintiff's motions for protective order and "relief or other
17 appropriate measures;" (4) deny as moot plaintiff's motion to compel; (5) deny plaintiff's motion
18 to reopen discovery; and (6) modify the scheduling order to allow time for completion of
19 discovery and filing of dispositive motions.

Plaintiff's Requests For Judicial Notice

20
21 A.    First Request (ECF No. 100)
22        Plaintiff asks the court to take judicial notice of her account of events in about December
23 2024 and January 2025 regarding her efforts to have access to her legal documents since she was
24 moved to the Richard J. Donovan Correctional Facility (RJDCF) on December 6, 2024, including
25 her account of when she made her requests, and to whom, and the responses she received, and her
26 communications with attorneys from the California Attorney General's Office about these
27 matters. ECF No. 100 at 1-4. Plaintiff appends copies of her written requests, email
28 correspondence, phone call logs, grievances, health care records, a classification chrono, and

2

1  lockdown orders. *Id*. at 5-33.

2  Defendants object that plaintiff's narratives and allegations are not judicially noticeable, are subject to reasonable dispute, and cannot be accurately determined. ECF No. 102 at 1-2. Defendants' arguments are correct.

A court must take judicial notice of adjudicative facts if a party requests it, and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2). The kinds of facts that may be judicially noticed are only those that are generally known within the court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The purpose of judicial notice is to eliminate "the need for formal fact-finding as to certain facts that are undisputed and easily verified." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).

Plaintiff's first request for judicial notice fails these criteria. Her request relates to her personal experiences, circumstances, and communications, which are not facts that can be accurately and readily determined from independent sources and are not facts that are generally known within the court's jurisdiction. *See* Fed. R. Evid. 201(b). The court may not take judicial notice of disputed facts that are stated or implied in the documents for which plaintiff requests judicial notice. *Walker*, 454 F. Supp. 2d at 1022; *see also United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (declining to take judicial notice of documents attempting to establish "[t]he underlying facts relevant to the adjudication of this case" and which "do not remotely fit the requirements of Rule 201"); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311 (S.D. Cal. 2003) ("courts have found the taking of judicial notice to be inappropriate in matters requiring detailed or specific knowledge" (citing *U.S. v. Marsical*, 285 F.3d 1127, 1132 (9th Cir. 2002))).

Judicial notice is not appropriate for establishing argumentative assertions such as unreasonable delay, prejudicial effect, and preferential treatment of other inmates. *See Johnson v. Napa Valley Wine Train, Inc.*, No. 15-cv-04515-TEH, 2016 WL 493229, at *14 (N.D. Cal. Feb. 9, 2016) (denying request for judicial notice that would have required the court to make "an inferential leap" about the information stated in the records). Plaintiff's requests for judicial notice are essentially an attempt to establish her factual contentions as a party to this litigation.

3

1  Plaintiff's contentions must be resolved through the usual process for adjudication of disputed
2  facts. For all these reasons, the court will deny plaintiff's first request for judicial notice in its
3  entirety.[1]

4  B.     Second Request (ECF No. 101)

5  Plaintiff makes a second, similar request for judicial notice of another account of events
6  that occurred in about the same time frame, also describing her efforts to have access to her stored
7  legal documents. ECF No. 101 at 2-5. She makes argumentative assertions of unreasonable
8  delay, prejudicial effect, and preferential treatment of other inmates. *Id*. at 4. She appends copies
9  of her requests and correspondence with prison officials, a related grievance, and health care
10 records. *Id*. at 6-41.

11 What most distinguishes plaintiff's second request from her first request, is that it contains
12 a pleading captioned for filing in a case plaintiff is litigating in the Central District of California,
13 docketed at *Israel v. Moreno*, No. 2:23-cv-02383-JGB (SK) (C.D. Cal.) [hereinafter the "*Moreno*
14 case"]. The court may take judicial notice of court records. *MGIC Indem. Co. v. Weisman*, 803
15 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The
16 court takes judicial notice that plaintiff did in fact file this pleading in the Central District of
17 California in the *Moreno* case (at ECF No. 75) on the same day it was filed here, February 7,
18 2025, and re-filed the same pleading on March 27, 2025 (at ECF No. 82).[2] The court also takes
19 judicial notice that the Central District Court in the *Moreno* case (at ECF No. 83) ultimately
20 denied the re-filed request and declined plaintiff's attempt to regulate her "day-to-day access to
21 legal papers or the library" because of the substantial deference owed to prison administrators.

22 The court partially grants plaintiff's second request for judicial notice in that the court
23 takes judicial notice of the pleading at ECF No. 101, pages 2-5, and the fact that plaintiff has

---

[1] The court might construe the information and exhibits presented in plaintiff's requests for judicial notice as arguments and evidence submitted by plaintiff in support of her motions regarding her depositions, rather than as judicially noticed facts. However, this is unnecessary in these circumstances because, as discussed below, the motions in question will be denied as moot. However, plaintiff should take note that judicial notice is not intended to substitute for the normal procedures for motions practice in Federal Rule of Civil Procedure 78(b) and Local Rule 230(l).

[2] Plaintiff has inserted this same *Moreno* case pleading in another of the motions under consideration here. *See* ECF No. 106 at 75-78.

4

twice filed this pleading in the *Moreno* case, and the fact that the Central District Court has denied the request for judicial notice and judicial oversight made there. The court otherwise denies plaintiff's second request for judicial notice for the same reasons her first request is denied.

## The Scheduling Order

The court's original scheduling order, issued August 8, 2022, has been amended to allow extensions of time based on plaintiff's representations that she was unable to meet discovery deadlines due to both 1) lack of access to her legal materials and 2) health concerns. ECF No. 50, 74, 99. The amended scheduling order extended the deadline for service of discovery requests until March 21, 2025, and set April 18, 2025 as the deadline to finish conducting discovery and to file motions to compel. ECF No. 99 at 4. The deadline for dispositive motions was set for June 20, 2025. *Id*.

The motions now before the court raise a range of discovery-related issues, including 1) the timeliness and adequacy of discovery requests, responses, and motions to compel, 2) plaintiff's readiness to testify at her deposition and reasons why not, and 3) whether and what sort of extensions the parties wish to obtain.

## Plaintiff's Access To Her Legal Materials

Most of the motions under consideration are directly or indirectly contingent on plaintiff's claims that she has not had sufficient access to her legal materials to respond to discovery requests, prepare for and answer questions at her deposition, and perhaps to propound her own discovery requests. Plaintiff was moved to the RJDCF on about December 6, 2024. ECF No. 114 at 1. She has complained that prison officials at RJDCF have restricted her access to her legal materials since her arrival there. *See, e.g.*, ECF Nos. 103, 104, 106, 113.

Defendants maintain plaintiff has not made a good faith effort to comply with her discovery obligations to the extent it is possible for her to do so. ECF No. 108 at 5-6. Defendants have also disputed whether plaintiff has followed procedures for obtaining access to her legal materials. ECF No. 105-3 at 2; ECF No. 108 at 4-5.

////

5

1    In her amended motion for discovery relief filed May 27, 2025, plaintiff describes
2  changed circumstances at RJDCF in that "the Warden has recently made the stored legal
3  materials at issue reasonably and physically available to Plaintiff." ECF No. 114 at 3. Several of
4  the motions under consideration and some of the arguments in the briefing have been mooted
5  and/or given new context by this turn of events. The court will incorporate this development into
6  its analysis of these motions.

Plaintiff's Motion To Compel Written Discovery Responses

Plaintiff has filed a motion to compel defendants to produce disciplinary records for all defendants. ECF No. 107 at 2.[3] Defendants respond that they have served a supplemental response informing that there are no documents responsive to plaintiff's requests for disciplinary records. ECF No. 112 at 2-4. Plaintiff's motion to compel has been mooted by defendants' response to plaintiff's request for disciplinary records. The court will deny plaintiff's motion to compel for this reason.

Motions About Plaintiff's Deposition

Four of the motions before the court relate to defendants' efforts to obtain plaintiff's deposition. Defendants have filed a motion asking that plaintiff be compelled to attend and cooperate in a deposition. ECF No. 105. Defendants also ask that the discovery deadline be extended for the sole purpose of deposing plaintiff and that plaintiff be compelled to sit for the deposition and answer questions. *Id*. at 9. Plaintiff has not responded directly to defendants' motion. She has instead filed two motions seeking a protective order, and a third motion seeking "relief or other appropriate remedies." ECF Nos. 103, 104, 106.

Plaintiff's deposition was originally scheduled to occur on July 25, 2023, but plaintiff refused to appear at that time. ECF No. 105 at 3; ECF No. 105-1 at 2 ¶¶ 5-6. Defendants filed a motion for terminating sanctions on August 4, 2023. ECF No. 105-1 at 2 ¶ 6; ECF No. 78. Plaintiff cited mental health concerns in her response to the motion, and she informed the court on

---

[3] Plaintiff once again interjects filings from the *Moreno* case. ECF No. 107 at 18-23. In this instance, plaintiff submits orders filed in the *Moreno* case on November 21, 2024 and February 7, 2025. The February 7, 2025 order in the *Moreno* case partially granted and otherwise denied plaintiffs' motion to compel production of certain personnel records. ECF No. 107 at 23.

November 30, 2023 that she was suffering from a concussion. ECF Nos. 79, 84, *see also* ECF No. 85. On May 24, 2024, the court ordered plaintiff to state whether she is prepared to sit for her deposition and complete her discovery responses, and to provide current evidence of impairments if they render her incompetent to proceed with discovery obligations. ECF No. 89.

After extensions were granted by the court, plaintiff reported on December 5, 2024 that she is prepared to proceed with prosecution of this case but cited lack of access to her legal documents, which has since been mooted as stated above. ECF No. 93. The court issued its amended discovery and scheduling order requiring discovery to be completed by April 18, 2025. ECF No. 99.

Plaintiff did appear for her deposition on March 6, 2025, but she refused to answer questions on the grounds that she had not been able to review her legal materials. ECF No. 105 at 5-6; ECF No. 105-1 at 20-21 (transcript). The deposition was suspended. ECF No. 105-2 at 1 ¶ 2. Defendants argue they have a fundamental right to depose plaintiff, and that plaintiff has a responsibility to prove her allegations. ECF No. 105 at 7. Defendants maintain that plaintiff's reasons for refusal are not compelling, and that plaintiff did not make adequate efforts to access her legal materials through existing prison procedures. *Id*. at 8.

The gist of plaintiff's three motions is that she has been unable to prepare for her deposition because she has been denied access to her litigation files. ECF Nos. 103, 104, 106. It appears that plaintiff does not object to being deposed, but rather she claims that she cannot prepare for the deposition. This consideration has been mooted by the new arrangements for plaintiff to access her legal materials at RJDCF. *See* ECF No. 108-1.

For all these reasons, the court denies as moot plaintiff's three motions, ECF Nos. 103, 104, and 106. The court will grant defendants' motion to compel plaintiff to attend and cooperate in her deposition, ECF No. 105.[4] Defendants' request to adjust the scheduling order is addressed below along with other requests the parties have made for deadline extensions.

---

[4] Rule 26(d)(2) provides that "methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." Plaintiff must meaningfully participate in her deposition according to the revised schedule set forth in this order, regardless of the status of other discovery activities.

7

Motions About Extensions Of The Discovery Scheduling Order

The motions addressed in this order require modification of the scheduling order to implement the court's rulings. The parties have also requested certain specific modifications to the scheduling order.

1) Defendants have asked for a limited modification of the scheduling order to allow completion of plaintiff's deposition and filing dispositive motions. ECF No. 105 at 2.

2) Plaintiff separately asks to reopen discovery for all parties for three months. ECF No. 114 (amended motion). She argues she "was impressed upon that the Discovery Deadline would be stayed, or otherwise modified," because of her inability to access her legal materials at RJDCF and/or her poor health. *Id*. at 2. Plaintiff claims that the recent arrangement allowing her access to her legal materials means that she can proceed with her discovery obligations. *Id*. at 3.

Defendants strongly oppose an open-ended re-opening of discovery. ECF No. 117 at 1-2. They cite delays in completing discovery in 2022-2024 and that plaintiff indicated she was unable to participate because of medical and mental health reasons. *Id*. at 2-5. Plaintiff represented in December 2024 that she was prepared to proceed with prosecution of this case. *Id*. at 5. The court re-set discovery deadlines, with March 21, 2025 as the deadline for service of discovery requests and April 18, 2025 as the deadline to finish conducting discovery and to file motions to compel. ECF No. 99 at 4. Since the court extended the schedule, the parties have conducted discovery as discussed herein. Plaintiff has served discovery requests on defendants, she has filed motions and other pleadings, and she appeared for her deposition but refused to answer questions. ECF No. 117 at 5-6.

Defendants argue that there is a difference between extending a specific discovery deadline, and retroactively reopening discovery. ECF No. 117 at 8 (citing *W. Coast Theater Corp. v. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990)). They argue they have already been prejudiced by lengthy delays in this case, and they maintain that plaintiff has not been diligent in timely complying with extended discovery deadlines. Defendants claim plaintiff has participated in discovery selectively in this case and also in her other pending cases. They maintain that she submits arguments intended for her other cases (again, the *Moreno* case), and

8

she has failed to show good cause why discovery in this case should be reopened.

Defendants append two exhibits to their response: (1) plaintiff's second set of RFPs served February 24, 2025 (the "February 24 RFPs"); and (2) plaintiff's discovery requests served April 17, 2025 (the "April 17 Discovery Requests"). *See* ECF No. 117-1 at 2; ECF No. 117 at 6. The April 17 Discovery Requests include amended RFPs, ECF No. 117-1 at 47-77, and a "first set" of RFAs and interrogatories, *id*. at 31-42. According to these attachments, plaintiff stated in her preamble to the amended RFPs that she wishes to propound them because she simply does not believe defendants' responses to the February 24 RFPs:

> … This set of requests is amended in response to [defense counsel's] twice stated assertion to Plaintiff that NONE of the named defendants "… have any disciplinary records regarding any allegations of Retaliation, Discrimination based on sex, gender, and sexual orientation. It does not appear that any disciplinary records exist regarding "Failure to see to one's spiritual welfare"; however, that is a vague allegation." []
>
> The insinuation that Plaintiff is the only inmate, EVER, in the history of MCSP, and in the correctional history of the State of California, to have filed complaints against these defendants alleging the afore-mentioned elements is implausible, if not intentionally far-fetched. Given the foregoing, Plaintiff provides the following in good faith, to resolve the questionable efforts by the Defense to produce documents, in addition to the improper semantics employed to rationalize those efforts.

ECF No. 117-1 at 47-48 (emphasis in original); *see also id*. at 79 (April 7, 2025 letter from defendants' counsel apparently referenced in plaintiff's preamble). It appears that the amended RFPs contain an expanded list of documents under the definition of "disciplinary records." *Id*. at 49-53; *see also id*. at 65-69 (additional definitions and instructions). The amended RFPs themselves are substantially similar to the original RFPs in requesting disciplinary records, inmate grievances (i.e., complaints), and "adverse action files." *Compare* ECF No. 117-1 at 5-6 *with id*. at 70.

Defendants argue that the RFAs and interrogatories in the April 17 Discovery Requests are new and should have been served by March 21, 2025. ECF No. 117 at 6; *see* ECF No. 117-1 at 31-32; *id*. at 37-42. There are 9 RFAs and 5 interrogatories in the April 17 Discovery

9

1  Requests.[5]

2  <u>Analysis of Motions for Extension of Time</u>.  Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."  Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite the exercise of due diligence.  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification.  *Id.*

The court will allow extensions of the scheduling order sufficient to implement its rulings on the motions decided herein.  The court therefore grants the extension requested in defendants' motion docketed at ECF No. 105.

The court will grant in part and deny in part plaintiff's amended motion docketed at ECF No. 114.  Plaintiff has not shown good cause for an open-ended extension of discovery, and the court denies this request.  This denial is without prejudice to the filing of any motions that may make specific requests for specific modifications to the amended scheduling order, and which must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).  Any such motion must be filed within the time frame set forth below.

The court construes plaintiff's amended motion as encompassing a request for an extension of the scheduling order to allow her tardy April 17 Discovery Requests.  The court will allow a specific and limited extension of the scheduling order for the amended RFPs, and the 9 RFAs and the 5 interrogatories which plaintiff belatedly propounded in her April 17 Discovery Requests.  Although there have already been lengthy delays in this case which may be presumed to have prejudiced defendants to some degree, in this unique instance any additional delay is not

---

[5] Along with her April 17 Discovery Requests, plaintiff appears to have included in her correspondence with defendants' counsel a draft motion to compel "adequate responses to plaintiff's discovery requests" which plaintiff has not filed on the court's docket. ECF No. 117-1 at 83-158.  The court does not address this draft motion, except to note that plaintiff must file any motion to compel within the deadlines set forth in this order, and any such motion must be based on events and arguments specifically relevant to this case and to the discovery responses at issue.

great, especially in light of other extensions of time granted herein.  In the interests of bringing a resolution of plaintiff's claims, the court will order defendants to respond to plaintiff's April 17 Discovery Requests according to the amended scheduling order set forth below.

<u>Defendants' Request For Warning On Termination Sanctions</u>

Defendants ask the court to warn plaintiff that failures to comply with an order compelling her deposition "may result in the imposition of sanctions, including the dismissal of her case, as well as monetary sanctions related to the expenses incurred by Defendants in preparing for and facilitating a fourth deposition attempt." ECF No. 105 at 9.  Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that a court may dismiss an action if the plaintiff fails to obey an order to provide discovery.  Plaintiff is so warned.  Dismissal is a harsh sanction that is imposed only upon analysis of a five-factor test, with the key factors being the prejudice that failure to respond has caused to the party seeking sanctions and the availability of lesser sanctions. *Karimi v. Golden Gate School of Law*, 361 F. Supp. 3d 956, 969 (N.D. Cal. 2019) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)).  A warning that dismissal may be considered is a less drastic alternative to dismissal.  *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) and that admonition is appropriately made here.

Plaintiff has represented that she is prepared to proceed in this action.  *See* ECF No. 99 at 3.  She now represents that she has adequate access to her legal materials.  ECF No. 114 at 3.  The Rules of Civil Procedure require plaintiff to fulfill her discovery obligations and comply with the court's orders including the scheduling order as modified.  The court may apply the five-factor test set forth in *Henry* and *Karimi* to consider requests for sanctions, including the sanction of dismissal, for failure to cooperate in a deposition in compliance with the modified scheduling order.

**ORDER**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for protective order (ECF No. 103) is DENIED as moot.
2. Plaintiff's (second) motion for protective order (ECF No. 104) is DENIED as moot.
3. Defendant's motion to compel plaintiff's deposition and to extend the scheduling order

for this purpose (ECF No. 105) is GRANTED. The deposition shall proceed according to the amended schedule set forth below.

4. Plaintiff's motion for relief or other appropriate remedies (ECF No. 106) is DENIED as moot.

5. Plaintiff's motion to compel discovery (ECF No. 107) is DENIED as moot.

6. Plaintiff's motion to reopen discovery (ECF No. 114) is GRANTED IN PART as to a limited extension of the discovery schedule to allow response to plaintiff's April 17, 2025 Discovery Requests and is otherwise DENIED WITHOUT PREJUDICE as to the filing of motions requesting specific good cause exceptions to the scheduling order, according to the amended schedule set forth below.

7. The case shall proceed according to the scheduling order issued on May 5, 2023, amended as follows:

   a. Plaintiff's deposition shall proceed no later than August 8, 2025, and plaintiff shall "meaningfully and fully participate" in the deposition.

   b. Defendants shall respond to plaintiff's April 17, 2025 Discovery Requests no later than August 8, 2025.

   c. Motions to compel related to the extensions of the scheduling order allowed here in parts 7.a and 7.b (plaintiff's deposition and defendants' responses to plaintiff's April 17, 2025 Discovery Requests) shall be filed no later than August 22, 2025.

   d. Any request for additional modifications of the scheduling order, including specific requests for specific additional discovery, must be made no later than August 8, 2025. Any such motion will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

   e. Dispositive motions shall be filed on or before August 29, 2025.

   f. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall

      be briefed in accordance with L.R. 230(l).  Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions.  L.R. 230(l).  Oppositions to all other motions need to be filed only as directed by the court.

    g. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

So ordered.

Dated: July 9, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE