UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>Plaintiff,<br><br>v.<br><br>SHMARYAHU BROWNSTEIN, et al.,<br><br>Defendants. | No. 2:21-cv-00262-TLN-EFB (PC)<br><br>ORDER AND AMENDED SCHEDULE |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The case proceeds on plaintiff's first amended complaint, which states potentially cognizable claims of (1) violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act by various defendants for denying plaintiff kosher meals, (2) discrimination in violation of the Fourteenth Amendment by defendant Brownstein (aka "Rabbi Shmary"), and (3) retaliation in violation of the First Amendment by defendant Safanov. ECF Nos. 26, 28. Currently before the court are:

Defendants' request for further extension of the discovery cut-off deadline to allow them to complete plaintiff's deposition.[1] ECF No. 120.

Plaintiff's motion for extension of the discovery cut-off deadline and for reconsideration of the court's recent scheduling order (ECF No. 118). ECF No. 122; ECF No. 124 (defendants'

---

[1] Plaintiff has not responded to this motion.

1

1  response).

2  Plaintiff's motion for an extension of time to respond to defendants' discovery requests.
3  ECF No. 123; ECF No. 125 (defendants' response).

4  For the reasons that follow, the court will: (1) modify the schedule to permit plaintiff one
5  last opportunity to sit for her deposition; (2) deny plaintiff's requested extensions of time; and (3)
6  deny reconsideration of the court's July 9, 2025 scheduling order (ECF No. 118).

Relevant Procedural Background

8  The court's original scheduling order, issued August 8, 2022, has been amended to allow
9  extensions of time based on plaintiff's representations that she was unable to meet discovery
10  deadlines due to both 1) lack of access to her legal materials and 2) health concerns. ECF No. 50,
11  74, 99. The amended scheduling order extended the deadline for service of discovery requests
12  until March 21, 2025, and set April 18, 2025 as the deadline to finish conducting discovery and to
13  file motions to compel. ECF No. 99 at 4. The deadline for dispositive motions was set for June
14  20, 2025. *Id*.

15  Defendants sought modification of the schedule to extend the time for taking plaintiff's
16  deposition and an order compelling plaintiff to attend and cooperate in the deposition. ECF No.
17  105. Plaintiff's deposition was originally scheduled to occur on July 25, 2023, but plaintiff
18  refused to appear at that time. ECF No. 105 at 3; ECF No. 105-1 at 2 ¶¶ 5-6. Defendants filed a
19  motion for terminating sanctions on August 4, 2023. ECF No. 105-1 at 2 ¶ 6; ECF No. 78.
20  Plaintiff cited mental health concerns in her response to the motion, and she informed the court on
21  November 30, 2023 that she was suffering from a concussion. ECF Nos. 79, 84, *see also* ECF
22  No. 85. On May 24, 2024, the court ordered plaintiff to state whether she was prepared to sit for
23  her deposition and complete her discovery responses, and to provide current evidence of
24  impairments if they render her unable to proceed with discovery obligations. ECF No. 89.

25  After extensions were granted by the court, plaintiff reported on December 5, 2024 that
26  she was prepared to proceed with prosecution of this case. ECF No. 93. The court issued an
27  amended discovery and scheduling order requiring discovery to be completed by April 18, 2025.
28  ECF No. 99. Plaintiff did appear for her deposition on March 6, 2025, but she refused to answer

2

questions on the grounds that she had not been able to review her legal materials. ECF No. 105 at 5-6; ECF No. 105-1 at 20-21 (transcript). The deposition was suspended. ECF No. 105-2 at 1 ¶ 2.

The court granted defendants' request to modify the schedule on July 9, 2025, giving defendants until August 8, 2025 to complete plaintiff's deposition. ECF No. 118. The court ordered plaintiff to respond to defendants' discovery by the same date. *Id.* The court cautioned that further requests to modify the schedule would be "looked upon with disfavor and must be supported by good cause pursuant to Federal Rule of Civil Procedure 16(b)." *Id.* at 13.

Defendants attempted to take plaintiff's deposition again on July 31, 2025. "At the deposition, Plaintiff appeared and reported she was too sick to meaningfully participate in the deposition." ECF No. 120-1 (Decl. of Mohammad Iranmanesh) at 2, ¶ 3. Plaintiff reported she had been ill for five days, felt like passing out, and would see the doctor "within the next two days or so." *Id*. at 8-9; *id*. at 8 ll.10-22. Plaintiff has not reported any results of the doctor visit or other corroborating evidence of illness severe enough to prevent her deposition. Defense counsel re-set the deposition for August 7. 2025. *Id.* "On August 7, 2025, Plaintiff again appeared and reported she [wa]s too sick to participate in the deposition. Plaintiff stated her throat hurts, and she has difficulty speaking[.]" *Id*. at 2, ¶ 4. Because the deadline to complete the deposition fell on the following day, counsel filed a motion to modify the schedule. ECF No. 120. Defendants request 30 days to complete the deposition, an additional two weeks to file any related motion to compel, and 75 days to file a dispositive motion. *Id.*

Plaintiff seeks an extension of the discovery deadline of 45 days, citing unspecified health issues and the many cases she is currently litigating. ECF No. 122. She also asks the court to reconsider its July 9, 2025 order, but she provides no argument justifying reconsideration or any aspect of the order she wishes to be reconsidered. *Id.* She also seeks an extension of 10 days to respond to defendants' discovery requests, but defendants respond that plaintiff has answered their requests and thus the extension is not necessary. ECF No. 123; ECF No. 125.

////

////

3

Analysis

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite the exercise of due diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

Plaintiff's refusal to participate in her deposition prior to the expiration of the existing deadline provides good cause for the granting of defendants' motion to modify the schedule. Plaintiff has not provided good cause for the extensions of time she seeks. Unspecified health issues and the litigation of many cases simultaneously cannot justify further delay of this case, which was filed in February 2021. Plaintiff has been granted numerous extensions of time in this action, including an extended delay when plaintiff represented to the court that serious health issues impacted her ability to litigate. ECF Nos. 12, 21, 43, 57, 60, 69, 74, 82, 91. Also, according to her own declarations, plaintiff mailed her most recent motions in this case during the 30-day window allowed for her deposition (July 22 and August 7). ECF Nos. 122 at 3, 123 at 3. Plaintiff's health appears adequate to prosecute this case, and her participation must include sitting for her deposition.

In addition, plaintiff has provided no justification for the court to revisit its rulings of July 7, 2025 (ECF No. 118). Accordingly, her request for reconsideration of that order will be denied.

Terminating Sanctions

Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that a court may dismiss an action if the plaintiff fails to obey an order to provide discovery. Dismissal is a harsh sanction that is imposed only upon analysis of a five-factor test, with the key factors being the prejudice that failure to respond has caused to the party seeking sanctions and the availability of lesser sanctions. *Karimi v. Golden Gate School of Law*, 361 F. Supp. 3d 956, 969 (N.D. Cal. 2019) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)).

4

1    The Rules of Civil Procedure require plaintiff to fulfill her discovery obligations and
2 comply with the court's orders including the scheduling order as modified.  The court will apply
3 the five-factor test set forth in *Henry* and *Karimi* to consider requests for sanctions, including the
4 sanction of dismissal, should plaintiff decline to participate in her next noticed deposition.

Request for Judicial Notice

6    Plaintiff has requested the court to take judicial notice of a discovery motion, conference,
7 and ruling in the case docketed in the United States District Court for the Eastern District of
8 California at *Israel v. Moreno*, No. 2:23-cv-02383-JCG (SK) (E.D. Cal.) [the "*Moreno* case"].
9 ECF No. 119.  Defendants respond that plaintiff's request does not refer to any motions that were
10 pending in this court as of the date of the request and that there was no current discovery dispute
11 or pending proceeding to admit any evidence, and they ask that plaintiff's motion be stricken.
12 ECF No. 121.  Plaintiff has not shown that the *Moreno* case documents for which she seeks
13 judicial notice are necessary or relevant to resolve any motion currently before the court, and the
14 court accordingly denies plaintiff's request for judicial notice.  *See Adriana Intern. Corp. v.*
15 *Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990) (declining to take judicial notice of a separate
16 lawsuit that "is not relevant to this case"); *see also Kakowski v. Gonzales*, No. 24-cv-1314-AGS-
17 BLM, 2025 WL 268113, at *4 (S.D. Cal. Jan. 22, 2025) (declining to take judicial notice of
18 documents that were not necessary to resolve motions before the court (citing *Quezambra v.*
19 *United Domestic Workers of Am. AFSCME Loc. 3930*, 445 F. Supp. 3d 695, 701 n.8 (C.D. Cal.
20 2020))).

**ORDER**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for judicial notice (ECF No. 119) is DENIED.
2. Defendant's motion to compel plaintiff's deposition and to extend the scheduling order for this purpose (ECF No. 120) is GRANTED.  The deposition shall proceed according to the amended schedule set forth below.
3. Plaintiff's motion for extension of discovery deadlines (ECF Nos. 122, 123) is DENIED as moot.

4. Plaintiff's motion for reconsideration (ECF No. 122) is DENIED.

5. The case shall proceed according to the scheduling order issued on August 8, 2022, amended as follows:

   a. Plaintiff's deposition shall proceed no later than October 15, 2025, and plaintiff shall meaningfully and fully participate in the deposition.

   b. Motions to compel related to plaintiff's deposition shall be filed no later than October 29, 2025.

   c. Any request for additional modifications of the scheduling order, including specific requests for specific additional discovery, must be made no later than October 15, 2025. Any such motion will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

   d. Dispositive motions shall be filed on or before December 1, 2025.

   e. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l). Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l). Oppositions to all other motions need to be filed only as directed by the court.

   f. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

So ordered.

Dated: September 17, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE